IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC PONDER, | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-02085 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN OF FCI SCHUYLKILL, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is pro se Petitioner Eric Ponder ("Ponder")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the Court will dismiss the petition as moot.

## I.   BACKGROUND

In August 2014, the Honorable R. Barclay Surrick of the United States District Court for the Eastern District of Pennsylvania sentenced Ponder to an aggregate sentence of one hundred fifty (150) months' imprisonment after his convictions on fraud and narcotics conspiracy charges. See (Doc. No. 1 at 1; United States v. Ponder, No. 10-cr-00743 (E.D. Pa. Aug. 18, 2014), ECF No. 166; United States v. Ponder, No. 13-cr-00073 (E.D. Pa. Aug. 18, 2014), ECF No. 29)). On December 28, 2022, Ponder, who was incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill"), commenced the instant action by filing a petition for a writ of habeas corpus under Section 2241.[1] (Doc. No. 1.) In his petition, Ponder asserted that he

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, while Ponder attempted to include a certificate of service with his petition, he never identified the date he provided his petition to prison authorities for mailing to the Clerk of Court. (Doc. No. 1 at 5.) Nevertheless, because the envelope containing the petition is timestamped on December 28, 2022 (id. at 17), the Court uses December 28, 2022, as the petition's filing date.

was entitled to habeas relief because the Federal Bureau of Prisons ("BOP") failed to apply his earned time credits ("ETC") under the First Step Act of 2018 ("FSA"). (Id. at 2.) He also asserted that if the BOP properly applied his ETC, he would have been eligible for release from incarceration at FCI Schuylkill in August 2022. (Id.) For relief, Ponder sought, inter alia, to have the Court require the BOP to (1) properly apply his ETC, (2) provide him with a new release date, (3) post his new release date on its website, (4) process him for release to a halfway house, and (5) continue calculating his accruing ETC. (Id. at 4.) Ponder further sought to have the Court determine the number of days he wrongfully remained in custody due to the BOP's failure to follow the FSA. (Id.)

In response to the habeas petition, Respondent filed a suggestion of mootness on February 3, 2023. (Doc. No. 5.) In this filing, Respondent requested that the Court dismiss Ponder's petition because the BOP had properly credited him with FSA ETCs, thus rendering his petition moot. (Id. at 1, 3.) Respondent pointed out that the BOP updated Ponder's FSA ETC assessment on January 19, 2023, after the filing of this habeas action. (Id. at 6.) The updated assessment indicated that Ponder had earned three hundred sixty five (365) days of ETCs, which the BOP applied to his release date. (Id.) In addition, the BOP applied one hundred seventy five (175) days of ETCs toward Ponder's placement in a halfway house or home confinement following his release from FCI Schuylkill. (Id.) After applying these ETCs, Ponder's projected early release date was February 15, 2024. (Id.)

Ponder addressed Respondent's suggestion of mootness by filing a reply brief and supporting exhibits on February 22, 2023, and February 27, 2023, respectively. (Doc. Nos. 6, 7.) Ponder argued that his petition was not moot because the BOP still had not properly awarded him all his FSA ETCs. (Doc. No. 6 at 3–4.) He also noted that, since the filing of his habeas petition

in this case, he received several new calculations of his FSA ETCs from BOP personnel. (Id. at 2–4.) Overall, due in part to the varying information he received from the BOP since he filed his Section 2241 petition, Ponder was "not confident" that the BOP finalized his correct release date. (Id. at 4.)

After reviewing Ponder's reply brief and exhibits, this Court entered an Order on March 7, 2023, which directed Respondent to file a sur-reply addressing Ponder's arguments in his reply brief. (Doc. No. 8.) Respondent filed a sur-reply brief on April 4, 2023. (Doc. No. 9.) In the sur-reply brief, Respondent again argued that the Court should dismiss Ponder's habeas petition because it was mooted by the BOP crediting him with his FSA ETCs. (Id. at 1.) Respondent also argued, for the first time, that Ponder had failed to exhaust his administrative remedies concerning the FSA ETC calculation raised in his reply brief. (Id.)

Ponder filed a reply to Respondent's sur-reply, which the Clerk of Court docketed on April 20, 2023.[2] (Doc. No. 10.) Ponder pointed out that Respondent argued for the first time in its sur-reply that he failed to exhaust his administrative remedies, and he argued that Respondent's failure to raise this argument sooner constituted a waiver of the argument. (Id. at 1–2, 4.) He also asserted that, even if Respondent had not waived this argument, he exhausted his administrative remedies as he explained in his habeas petition. (Id. at 4.)

On May 22, 2023, the Clerk of Court docketed a notice of change of address filed by Ponder. (Doc. No. 11.) This notice appeared to show that Ponder was no longer incarcerated and instead was residing in Sharon Hill, Pennsylvania. (Id.) The Court, after considering this development, and noting that the BOP's Inmate Locator indicated that Ponder was released from

---

[2] Although Ponder should have first filed a motion seeking leave of Court to file a reply to Respondent's sur-reply before filing said reply, he did seek leave of Court to file the reply in the first paragraph of the submission. (Doc. No. 10 at 1.) The Court will grant his request.

3

BOP custody, entered an Order on February 22, 2024, requiring Ponder to show cause why the Court should not dismiss his habeas petition as moot.  (Doc. No. 12.)  Ponder filed a response to the Court's Order on March 19, 2024.  (Doc. No. 13.)  In his response, Ponder acknowledges that he is no longer in BOP custody.  (Id. at 2.)  However, he argues that his release from custody does not render his petition moot in its entirety because he also asked the Court to compute the proper length of his sentence.  (Id. at 2–3, 5.)

## II.     DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or

4

collateral consequences of [their] conviction." See Abreu, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)). Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

In this case, Ponder admits that he is not currently incarcerated. As such, the instant petition is generally moot due to Ponder's release from BOP incarceration. Although Ponder could still obtain judicial review of his federal sentence if he showed that he continued to suffer from secondary or collateral consequences of his conviction, he has failed to make such a showing. Instead, he focuses on his request that the Court conduct a sentence calculation without explaining why a sentence calculation is necessary at this point.[3] Such a calculation

---

[3] The closest Ponder comes to identifying why he still seeks a determination of when he was entitled to be released from BOP custody is his assertion that he is not seeking this information to obtain damages in this action. See (Doc. No. 13 at 5 ("What Petitioner is seeking from this court is not an award of damages, but a determination of the number of days of over-detention, in violation of the U.S. Constitution and the First Step Act.")). Despite Ponder's assertion, it appears that the only possible relevance of such a determination would be for purposes of a subsequent civil action seeking damages. By so noting, the Court expresses no opinion whether such an action would be viable; rather, the Court is hypothesizing why Ponder still seeks this information despite his release.

would only pertain to determining whether Ponder is eligible for habeas relief, a request which has been mooted by his release. This Court will not render a sentence calculation in a vacuum. Accordingly, the Court concludes that Ponder's Section 2241 petition is moot.

## III.     CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Ponder's Section 2241 petition as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
